UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PENINSULA ENTERPRISE SPA,

                        Plaintiff,

- against -

LMJ INTERNATIONAL LTD. a/k/a LMJ
INTERNATIONAL LIMITED or LMJ
INTERNATIONAL,

                        Defendant.
------------------------------------------------------------X



APR 11 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, PENINSULA ENTERPRISE SPA (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, LMJ INTERNATIONAL LTD. a/k/a LMJ INTERNATIONAL LIMITED or LMJ INTERNATIONAL ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of Italy.

3. At all material times to this action, Plaintiff was the disponent owner of the motor vessel "NAVA ELIZA" (hereinafter the "Vessel").

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

5. Pursuant to a charter party dated September 14, 2007, Plaintiff chartered the Vessel to Defendant.

6. The Vessel experienced delays at both the discharge and load ports which equated to demurrage for the Defendant's account in the sum of $323,332.00. *Please find attached hereto as Exhibit "1" Plaintiff's lay time calculations.*

7. Plaintiff off-set the amounts due for unpaid demurrage against an advance hire payment made by Defendant in the amount of $234,000.00.

8. However, despite due demand, Defendant failed and refused to pay the remaining amounts due and owing to Plaintiff under the charter party contract for demurrage.

9. As a result of Defendant's breach of the charter party, Plaintiff continues to suffer damages in the total principal amount of $43,187.05, exclusive of interest, arbitration costs and attorneys fees. *See Statement of Account annexed hereto as Exhibit "2."*

10. In accordance with the charter party, disputes between the parties are to be submitted to arbitration in London with English law to apply.

11. Plaintiff has commenced arbitration against Defendant on its claims.

12. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

13. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now

be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A | Principal claim – | $43,187.05 |
| B. | Estimated interest on claim – 3 years at 7% compounded quarterly: | $9,995.18 |
| C. | Estimated recoverable arbitration costs and attorneys fees: | $10,000.00 |
| **Total:** | | **$63,182.23** |

14. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

15. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

3

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendant within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendant, up to the amount $63,112.23 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.  That in the alternative, this Court enter Judgment against the Defendant for the claims set forth herein;

4

G.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:   April 11, 2008
         Southport, CT

                        The Plaintiff,
                        PENINSULA ENTERPRISE SPA

                        By: _____
                        Patrick F. Lennon
                        Nancy R. Peterson
                        LENNON, MURPHY & LENNON, LLC
                        420 Lexington Avenue, Suite 300
                        New York, NY 10170
                        (212) 490-6050 – phone
                        (212) 490-6070 – facsimile
                        pfl@lenmur.com
                        nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:   Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      April 11, 2008
            Southport, CT

                                    _____
                                    Nancy R. Peterson

# EXHIBIT "1"

EXHIBIT "1"

## M/V "NAVA ELIZA"

LAYTIME CALCULATION  
  OWNRS             PENINSULA ENTERPRISE, SORRENTO NAPOLI                     Oct. 29th 2007  
  C/P Dated       13/09/2007  
  Dils              HALDIA/PARADIP - XINGANG  
                  Load Rate:  HALDIA 6000 MT PWWD SHINC  
                                PARADIP 8000 MT PWWD SHINC  
                Disch.Rate  mt

**Loadport:**                                                         HALDIA

Port: HALDIA                                       Agent: BONVOYAGE

| | | | |
|---|---|---|---|
| Vessel arrived | 02/10/07 | Tuesday | 21.00 |
| Nor tendered | 02/10/07 | Tuesday | 21.00 |
| Time counting | 03/10/07 | Wednesday | 21.00 |
| Loading commenced | 03/10/07 | Wednesday | 7.40 |
| Loading completed | 05/10/07 | Friday | 11.40 |

| Date | Day | From | To | Time Used | Remarks |
|---|---|---|---|---|---|
| 03/10/07 | Wednesday | 07.40 | 24.00 | 00D16H20M | |
| 04/10/07 | Thursday | 00.00 | 24.00 | 01D00H00M | |
| 05/10/07 | Friday | 00.00 | 11.40 | 00D11H40M | |

**Total Time Used**                          02D 04H 00M

Total Lay Time Used                02D 04H 00M  
Total Lay Time Allowed At Load Port     03D 10H 18M

Despatch    01D 06H 18M     1,2625D * 20.000,00 USD     25.250,00

**Loadport:**                                                       PARADIP

Port: PARADIP                                     Agent: BONVOYAGE

| | | | |
|---|---|---|---|
| Vessel arrived | 07/10/07 | Sunday | 5.30 |
| Nor tendered | 07/10/07 | Sunday | 5.30 |
| Time counting | 07/10/07 | Sunday | 21.00 |
| Loading completed | 18/10/07 | Thursday | 5.30 |

| Date | Day | From | To | Time Used | Remarks |
|---|---|---|---|---|---|
| 07/10/07 | Sunday | 21.00 | 24.00 | 00D06H30M | |
| 08/10/07 | Monday | 00.00 | 24.00 | 01D00H00M | |
| 09/10/07 | Tuesday | 00.00 | 24.00 | 01D00H00M | |
| 11/10/07 | Wednesday | 00.00 | 04.30 | 00D01H00M | |
| 11/10/07 | | 01.00 | 24.00 | 00D23H00M | Vessel on demurrage |
| 10/10/07 | Thursday | 00.00 | 24.00 | 01D00H00M | |
| 12/10/07 | Friday | 00.00 | 24.00 | 01D00H00M | |
| 13/10/07 | Saturday | 00.00 | 24.00 | 01D00H00M | |
| 14/10/07 | Sunday | 00.00 | 24.00 | 01D00H00M | |
| 15/10/07 | Monday | 00.00 | 24.00 | 01D00H00M | |
| 16/10/07 | Tuesday | 00.00 | 24.00 | 01D00H00M | |
| 17/10/07 | Wednesday | 00.00 | 01.15 | 00D01H15M | |
| | | 01.15 | 03.45 | | Shifting |
| | | 03.45 | 24.00 | 00D20H15M | |
| 18/10/07 | Thursday | 00.00 | 05.30 | 00D05H30M | |

**Total Time Used**                          10D 09H 30M

Total Lay Time Used                10D 09H 30M  
Total Lay Time Allowed At Load Port     02D 07H 30M

Demurrage    08D 02H 00M     7,0833D * 40.000,00 USD     323.332,00

EXHIBIT "2"



# FREIGHT STATMENT OF ACCOUNT
*********************************************

NOV. 06th, 2007

TO: L.M.J. INTERNATIONAL, KOLKATA
30 J.N. ROAD - KOLKATA
INDIA

RE: M/V 'NAVA ELIZA'

C/P DATED SEPTEMBER 14th. 2007

| | | |
|---|---|---|
| OCEAN FREIGHT | | |
| 39.073,00 mt x Usd 39,00 | = USD | 1.523.847,00 |
| DEMURRAGE | = USD | 323.332,00 |
| LESS | | |
| TTL COMM 5,00 % | = USD | 92.358,95 |
| DESPATCH | = USD | 28.944,00 |
| OWNERS CONTR. | = USD | 1.000,00 |
| AD.PAYM. RECEIVED: | | |
| HALDIA FREIGHT | = USD | 763.847,00 |
| PARADIP FREIGHT | = USD | 683.404,00 |
| PROVISION DEMURRAGE | = USD | 234.438,00 |
| BALANCE FREIGHT | = USD | 43.187,05 E.&O.E. |

PAYABLE TO:

MONTE PASCHI DI SIENA S.P.A
NAPLES BRANCH AG 3
C.C. 30007
ABI 01030
CAB 03403
IBAN IT88 M 01030 03403 000000030007
SWIFT CODE PASCIT MM NAP
FAVOUR OF: PENINSULA ENTERPRISE SPA

*Peninsula Enterprise S.p.A.*
VAT: 03466241217
Corso Italia, 211 - 80067 Sorrento (NA) Italia
e-mail info@peninsula.it - Telex 94070583 PENY-G - Comtext A53It559
Tel. +39 081 8072222 Pbx - Fax +39 081 8072121