UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PENINSULA ENTERPRISE SPA,           :
                                  Plaintiff,           :    08 CV _____

                                           :    ECF CASE
   - against -           :

LMJ INTERNATIONAL LTD. a/k/a LMJ           :
INTERNATIONAL LIMITED or LMJ
INTERNATIONAL,           :

                                Defendant.           :
---------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                        )   ss: SOUTHPORT
County of Fairfield  )

Nancy R. Peterson, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANT IS NOT PRESENT IN THE DISTRICT

2.    I have attempted to locate the Defendant, LMJ INTERNATIONAL LTD. a/k/a LMJ INTERNATIONAL LIMITED or LMJ INTERNATIONAL, within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendant. Finally, I checked the New

York State Department of Corporations' online database which showed no listings or registration for the Defendant.

3. The New York State Department of Corporations' online database did reveal a listing for a company named "LMJ International Corp." However, this company was registered as a domestic company. Thus, it appears to bear no relationship to the Defendant "LMJ International Ltd." which is organized and incorporated under foreign law.

4. I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

5. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

6. This is Plaintiff's first request for this relief made to any Court.

## **PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER**

7. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Peterson, Coleen A. McEvoy or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendant.

8. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

9. To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

10. Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

11. Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

Dated:    April 11, 2008
             Southport, CT

_____
Nancy R. Peterson

Sworn and subscribed to before me
this 11th day of April 2008.

_____
Notary Public
Commission Expires Nov 2008